# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**GERRY LAIRD RANSOM-COOPER,**
**D.O.C. # B-114511,**

    **Plaintiff,**

vs.                                                              Case No.  4:21cv370-MW-MAF

**FLORIDA DEPARTMENT OF**
**INSURANCE, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by submitting a civil rights complaint, ECF No. 1, to this Court on September 8, 2021. However, Plaintiff did not pay the filing fee for this case or file an in forma pauperis motion.  An Order was entered on September 13, 2021, advising Plaintiff that if he wanted to proceed, he must do one or the other.  ECF No. 3.

The deadline for Plaintiff to comply with that Order was October 13, 2021. *Id.*  As of this date, Plaintiff has not complied.

Notably, on the same day Plaintiff initiated this case, he also submitted a second case - case number 4:21cv369-WS-MAF. He submitted that case using the name Gerry Ranson, a variation from the name used in this case. An Order was entered in that second case two days after the initial Order was entered in this case. By that point, and with the additional information concerning Plaintiff's name, it was discovered that Plaintiff was a "three striker" and not entitled to in forma pauperis status. *See* ECF No. 3 of case # 4:21cv369. Plaintiff's Department of Corrections inmate identification number confirms that Plaintiff Gerry Laird Ranson-Cooper is the same person who filed this case. As explained within the Order entered in case number 4:21cv369, Plaintiff is well aware that he has three strikes and is not entitled to proceed with in forma pauperis status.[1] Accordingly, this case should be dismissed for Plaintiff's failure to comply with a Court Order, but it should also be noted that Plaintiff is barred from proceeding in this case without full payment of the filing fee pursuant to 28 U.S.C. § 1915(g).

---

[1] Plaintiff did not include any information about his litigation history in his complaint, ECF No. 1, and in addition, he omitted the page which requires disclosure of whether the Plaintiff has been deemed to have "three strikes." *See* ECF No. 1. Doing so, along with the use of a different name, is viewed as an intentional act of deception.

Case No. 4:21cv370-MW-MAF

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).   Here Plaintiff was warned that if he did not respond, his case would be dismissed.  Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order, and because Plaintiff is not entitled to proceed with in forma pauperis status. *See* 28 U.S.C. § 1915(g). It is further **RECOMMENDED** that the Order dismissing this case note that dismissal is pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on October 20, 2021.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:21cv370-MW-MAF